**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISIDRO PEREZ JIMENEZ, | No. 09-70756 |
| Petitioner, | Agency No. A077-397-111 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Isidro Perez Jimenez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Perez Jimenez's account of his and his family's experiences as Mam Mayans during the Guatemalan civil war includes multiple instances of mistreatment by government soldiers, including the abduction and injury of his father and home invasions in which he and his mother were threatened. The BIA, treating Perez Jimenez as credible, rejected all of his claims for relief.

Substantial evidence supports the BIA's denial of CAT relief because Perez Jimenez failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). In addition, we reject Perez Jimenez's claim that the BIA failed to accord appropriate consideration to the fact that some of his family members were granted asylum.

As to Perez Jimenez's asylum and withholding of removal claims, the BIA concluded he did not suffer past persecution on account of a protected ground. In reaching this conclusion, the BIA referred to Perez Jimenez's lack of physical harm and to Perez Jimenez's testimony indicating he was unsure why his father

was targeted. However, in focusing on Perez Jimenez's knowledge regarding his father's political affiliation, the BIA failed to address his claim that he and his family were harmed due to their Mam Mayan ethnicity. In addition, when the BIA issued its order, it did not have the benefit of our decision in *Mendoza-Pablo v. Holder*, 667 F.3d 1308 (9th Cir. 2012), which addressed the claim of another Mam Mayan petitioner based on harm to himself and his family as a child due to their ethnicity. Accordingly, we grant the petition as to Perez Jimenez's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Mendoza-Pablo*, 667 F.3d at 1313-15; *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1044-46 (9th Cir. 2007) (remanding where agency did not consider petitioner's age or injuries to family where petitioner perceived events forming basis of past persecution claim as a child).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**